No. 23-40306

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

State of Texas; Texas Commission on Environmental Quality; Railroad Commission of Texas; Texas Department of Agriculture; Texas General Land Office; Texas Department of Transportation; American Farm Bureau Federation; American Petroleum Institute; American Road and Transportation Builders Association; Associated General Contractors of America; Leading Builders of America; Matagorda County Farm Bureau; National Association of Home Builders; National Association of Realtors; National Cattlemens Beef Association; National Corn Growers Association; National Mining Association; National Multifamily Housing Council National Pork Producers Council; National Stone, Sand, and Gravel Association; Public Lands Council; Texas Farm Bureau; United States Poultry and Egg Association; National Apartment Association; State of Idaho,

Plaintiffs-Appellees,

v.

United States Environmental Protection Agency; Michael S. Regan, in his official capacity as the Administrator of the United States Environmental Protection Agency; United States Army Corps of Engineers; Lieutenant General Scott A. Spellmon, in his official capacity as Chief of Engineers and Commanding General, United States Army Corps of Engineers; Michael L. Connor, in his official capacity as Assistant Secretary of the Army (Civil Works),

Defendants-Appellants.

On Appeal from the U.S. District Court for the Southern District of Texas
No. 3:23-cv-17 (Hon. Jeffrey Vincent Brown, U.S. District Judge)

**DEFENDANTS-APPELLANTS' UNOPPOSED MOTION FOR ABEYANCE**

TODD KIM
Assistant Attorney General
BRIAN C. TOTH
ARIELLE MOURRAIN JEFFRIES
Attorneys
Environment and Natural Resources
Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3140
arielle.jeffries@usdoj.gov

Defendants-Appellants request that this appeal be held in abeyance until the Environmental Protection Agency and Army Corps of Engineers (Agencies) publish a new final rule amending the regulations defining "waters of the United States" under the Clean Water Act. No party opposes this motion. The States are not opposed, business plaintiffs take no position on the motion, and Intervenor-defendant does not oppose.

## BACKGROUND

On January 18, 2023, the Agencies published the Revised Definition of "Waters of the United States," 88 Fed. Reg. 3004. Plaintiffs—the States of Texas and Idaho and several trade associations—moved to preliminarily enjoin the Rule. On March 19, the district court granted the States' motion and denied the Associations' motion. The Agencies noticed their appeal of the Court's grant of the States' preliminary injunction motion on May 17, 2023. The Associations did not appeal the Court's denial of their preliminary injunction motion.

On May 25, 2023, the Supreme Court issued an opinion in *Sackett v. EPA*, 143 S. Ct. 1322, which addresses the standard for determining what constitutes "waters of the United States." In June, the Agencies announced that they are developing a new rule to amend the 2023 Rule consistent with the Supreme Court's decision. U.S. EPA, *Amendments to the 2023 Rule*, https://www.epa.gov/wotus/amendments-2023-rule. The Agencies intend to

issue a final rule by September 1, 2023. *Id.* Given the forthcoming rulemaking, the Agencies seek to hold this appeal in abeyance pending publication of the final rule in the Federal Register.

The Southern District of Texas has granted the Agencies' request for a stay pending publication of the new rule in the Federal Register. *Texas v. EPA*, No. 3:23-cv-17 (S.D. Tex.) (consolidated with No. 3:23-cv-20) Dkt. No. 81 (July 10, 2023). And on July 3, the Sixth Circuit granted the Agencies' unopposed request for an abeyance of the appeals from the Eastern District of Kentucky's order denying preliminary injunction motions and dismissing the complaints. *Kentucky v. EPA*, No. 23-5345, Dkt. No. 32 (6th Cir.).

## ARGUMENT

Courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This authority is "incidental to the power inherent in every court to control" its docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A Court may hold its own proceedings in abeyance when it would serve "economy of time and effort for itself, for counsel, and for litigants." *Id*.

An abeyance here would conserve the Parties' resources and would promote judicial economy. The Agencies' forthcoming final rule is likely to affect the ultimate resolution of this appeal in that it may narrow the issues that the Court chooses to resolve. An abeyance would allow the Parties time to assess

the new rule and determine how to best proceed with the case. Allowing the Parties time to react to the new rule would avoid unnecessary litigation in the interim, conserving the resources of both the Parties and the Court.

The requested abeyance would be appropriately limited in duration so that it would not unduly delay any further proceedings in this appeal. The Agencies' opening brief is currently due by July 25, 2023. The Agencies intend to issue a new final rule by September 1, 2023, little more than a month later. No Party would be prejudiced by the abeyance. When the new rule is issued, the Agencies will promptly submit the rule for publication in the Federal Register. Once published, the Parties would examine that official version of the new rule in assessing whether and how this litigation should continue. In the meantime, the 2023 Rule is stayed as to the States, and in 25 other states, and the Agencies "are interpreting the phrase 'waters of the United States' consistent with the Supreme Court's decision in *Sackett*." EPA, *Amendments to the 2023 Rule*, https://www.epa.gov/wotus/amendments-2023-rule; Corps, *UPDATED Supreme Court Ruling in Sackett v. Environmental Protection Agency*, https://www.usace.army.mil/Media/Announcements/Article/3440421/27-june-2023-update-supreme-court-ruling-in-sackett-v-environmental-protection. This interpretation extends nationwide, including areas where the Rule is not

3

subject to an injunction. The Agencies have also conferred with the parties, and no party opposes this motion.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and hold this appeal in abeyance pending publication of a new final rule regarding the definition of "waters of the United States" in the Federal Register.

Respectfully submitted,

TODD KIM
Assistant Attorney General

*s/ Arielle Mourrain Jeffries*
BRIAN C. TOTH
ARIELLE MOURRAIN JEFFRIES
Attorneys
Environment & Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3140
arielle.jeffries@usdoj.gov

*Counsel for Defendants/Appellants*

July 11, 2023
90-5-1-4-22317

## CERTIFICATE OF COMPLIANCE

I hereby certify:

1.　　This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Rule 32(f), this document contains 707 words.

2.　　This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

*s/ Arielle Mourrain Jeffries*
ARIELLE MOURRAIN JEFFRIES
*Counsel for Defendants/Appellants*